UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No. 8:22-CV-1746

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

    Plaintiff,
vs.

PALM GARDEN OF VERO BEACH, LLC,

    Defendant.
_____/

### DEFENDANT'S MOTION TO DISMISS AND/OR MOTION TO STRIKE PORTIONS OF COMPLAINT

The Defendant, PALM GARDEN OF VERO BEACH, LLC, by and through undersigned counsel, files Defendant's Motion to Dismiss and/or Motion to Strike Portions of Complaint pursuant to Rule 12(b)(6) and Rule 12(f) of the Federal Rules of Civil Procedure, and in support thereof would state as follows:

1. The Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

2. Specifically, in Paragraph 14 of the Complaint, the Plaintiff alleges as follows: "Consistent with Plaintiff's general practices, the Work contains (in the bottom left corner) Plaintiff's copyright management information as follows: "© AAP 2010 all rights reserved."  A copy of the Work is exhibited below:"

{whereafter the Plaintiff inserts a black and white photo of an unknown building and property}.

3. However, no such copyright language is contained on the said photograph.

4. In addition, in paragraph 21 of the Complaint, the Plaintiff attaches a second copy of the same photo of the unknown building and property, which also does not include any copyright language on the said photograph.

5. Further, the Plaintiff attaches as Exhibit "B" to the Complaint an additional copy of the said photograph with no copyright information contained on the same.

6. In paragraph 27 of the Complaint, the Plaintiff alleges that it notified the Defendant in writing in April of 2022 of the Defendant's alleged unauthorized use of the said photograph.  However, Plaintiff has failed to attach any such written notification nor proof of delivery of same.

7. In paragraph 18 of the Complaint, the Plaintiff alleges "A Place for Mom is paid by its participating nursing home communities if a family member moves into a senior living community or signs up with a home care provider."

8. Plaintiff fails to allege that the Defendant is one of the participating nursing home facilities of A Place for Mom.

9. Plaintiff's Complaint contains paragraphs of immaterial, impertinent, and scandalous language that are completely unrelated to the alleged cause of action and the alleged issues in this case.

10. Specifically, paragraph 8 of the Complaint states that "Mr. Stevens is a pioneer of aerial real estate photography and has been engaging in creative and artistic means to capture such photographs long before today's proliferation of consumer drone technology came to the market." Paragraph 9 of the Complaint states that "Mr. Stevens travels throughout the State of Florida, nationally and internationally to photograph high-end real estate on behalf of Plaintiff's clients.  He has been contracted by over 280 clients to take professional photographs of various real estate projects, including but not limited to the estates of numerous celebrities (such as Madonna, Don King, Greg Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney, Chris Evert, and others).

11. Paragraphs 8 and 9 of the Complaint do nothing to set forth the elements or to state a cause of action upon which relief may be granted.

## MEMORANDUM OF LAW

### Legal Standard

The Plaintiff's Complaint fails to state a cause of action upon which relief may be granted and must therefore be dismissed pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure. Federal Rule 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Trombley*, 127 S. Ct. 1955, 1959 (2007). When ruling upon a motion to dismiss for failure to state a cause of action, the court generally must consider only those items contained within the four corners of the Complaint. *Short v. Immokalee Water & Sewer District*, 165 F. Supp.3d 1129 (M.D. Fla. 2016).

"When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). The Plaintiff's complaint is merely required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The pleading standard Rule 8 announces does not require detailed factual

allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Rule 12(f) of the Federal Rules of Civil Procedure provides that a trial court may strike any redundant, immaterial, impertinent or scandalous portions of a complaint. "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Hutchins v. Fed. Ins. Co.,* 2008 WL 4186994 at 2 (M.D. Fla. 2008). A motion to strike is a drastic remedy and is disfavored by the courts. As such, a motion to strike should be granted only if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party. *Schmidt v. Life Insurance Company of North America,* 289 F.R.D. 357, 358 (M.D. Fla. 2012).

## Legal Standard Applied to the Present Case

The Plaintiff has wholly failed in its obligation for the proper pleading of a complaint. As noted above, the Plaintiff alleges that certain copyright language is contained within the photograph in question. The Plaintiff attaches three copies of the said photograph of the unknown building and property; yet, none of the photographs contain any copyright language.

In addition, the Plaintiff makes allegations about the business practices of a nonparty known as A Place for Mom, Inc. where the alleged protected photograph was allegedly published in which the Plaintiff claims that participating nursing home communities pay A Place for Mom, Inc. for placing individuals in the said participating nursing homes.  However, the Plaintiff does not allege that the Defendant is, in fact, such a participating nursing home community with the nonparty, A Place for Mom, Inc.  Absence such an allegation, the Plaintiff has wholly failed to allege a business relationship or nexus between the Defendant and the nonparty, A Place for Mom, Inc. that would lead to the Defendant posting an advertisement on the website of A Place for Mom, Inc. with the alleged use of Plaintiff's photograph.  As such, the Plaintiff fails to state a cause of action against this Defendant.  Assuming all allegations in Plaintiff's Complaint are accepted as true and assuming that all facts alleged in Plaintiff's Complaint are construed in the light most favorable to the Plaintiff, the Complaint fails to state a cause of action for relief.

Paragraphs 8 and 9, as described above, contain allegations that serve no purpose in setting forth a cause of action.  In fact, the language therein serves only to puff up the alleged reputation of the Plaintiff in order to create a manufactured reputation to unduly influence potential jurors and thereby bolster the credibility of

the Plaintiff. Such allegations are inappropriate and have no place in this lawsuit and should thereby be stricken.

Wherefore, the Defendant respectfully requests that Plaintiff's Complaint be dismissed and/or that paragraphs 8 and 9 of the Complaint be stricken, and that the Court grant any other appropriate relief.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished to Daniel DeSouza, Esquire and James D'Loughy, Esquire, COPYCAT LEGAL PLLC, via electronic service at dan@copcatlegal.com; james@copycatlegal.com; 3111 North University Drive, Suite 301, Coral Springs, FL 33065 on September 12, 2022.

/s/ *Kirsten K. Ullman*
Kirsten K. Ullman, Esquire
Florida Bar No. 857210
Brian M. Bursa, Esquire
Florida Bar No. 871176
Ullman Bursa Law
3812 Coconut Palm Drive, Suite 200
Tampa, FL 33619
(813) 970-0500 – Telephone
(813) 970-0549 – Facsimile
bbursa@ublawoffices.com
kullman@ublawoffices.com
tpegues@ublawoffices.com
ssamhoury@ublawoffices.com
courtmail@ublawoffices.com
Attorneys for Defendant